985 F.2d 554
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Abdul Abdul AHAD, a/k/a Ahad Abdul Abdul, a/k/a Abdul Ahad
Abdul, Defendant-Appellant.
 No. 92-5237.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 25, 1993
Decided: February 8, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CR-91-403-A)
 F. Andrew Carroll, III, LAND, CLARK, CARROLL & MENDELSON, P.C., Alexandria, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Timothy J. Shea, Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Abdul Abdul Ahad appeals his convictions for: (1) knowingly importing into the United States one hundred or more grams of a mixture containing a detectable amount of heroin, in violation of 21 U.S.C. § 952(a) (1988); (2) knowingly possessing such mixture on board an aircraft arriving in the United States, without having entered the mixture on the aircraft's manifest, in violation of 21 U.S.C. § 955 (1988); and (3) possessing said mixture with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) (1988). We find the arguments raised on appeal to be without merit, and we accordingly affirm the convictions.
 
 I.
 
 2
 Ahad first argues that the Government did not establish that he knowingly committed the above crimes. The standard of review is whether, viewing the evidence in the light most favorable to the government, a rational trier of fact could have found the elements of the crimes beyond a reasonable doubt. A reviewing court must consider circumstantial as well as direct evidence and must allow the government the benefit of all reasonable inferences. United States v. Tresvant, 677 F.2d 1018, 1021-22 (4th Cir. 1982). Contrary to Ahad's assertion, we find the evidence sufficient to establish the requisite knowledge.
 
 
 3
 On September 21, 1991, Ahad, an Afghani, arrived at Dulles International Airport on a flight from India. He told customs officials that he had been visiting his mother for three months. He had no permanent job; instead, he said that he was studying to be a cab driver. Ahad had purchased a one-way ticket to the United States only a few days earlier, and had paid for the ticket with cash. Agents testified that this was typical of drug dealers.
 
 
 4
 Ahad carried with him a briefcase, which he told customs agents he had owned for over a year. When an agent lifted the briefcase, he noticed that it was heavier than most briefcases of that make. Further, the briefcase did not spring back when pressure was applied to it, as similar briefcases ordinarily did. The briefcase contained an unusual number of fragrance samples, some of which were open. An agent testified that drug smugglers typically use fragrance to attempt to conceal the scent of drugs.
 
 
 5
 Suspicious, agents led Ahad to a search room so that they could examine the briefcase more carefully. They drilled a small hole in the briefcase, and a white, powdery substance came out of the hole. The substance tested positive for heroin. The briefcase was ripped open, and eight bags of heroin were discovered.
 
 
 6
 Defense counsel tried to show that Ahad was unaware of the presence of the heroin in the briefcase. However, an agent testified that it was incredible, given the value of the heroin seized (at least $900,000 wholesale), to think that Ahad was an unwitting courier.
 
 
 7
 On the basis of this evidence, we find that the evidence was sufficient to show knowledge.
 
 II.
 
 8
 Ahad next argues that his convictions under boths 952(a) and § 955 violate the Double Jeopardy Clause. We are of the opinion that each statute requires proof of a fact that the other does not. We therefore join the First Circuit, which has held that a there is no constitutional infirmity in convictions under both statutes. See United States v. Franchi-Forlando, 838 F.2d 585, 590 (1st Cir. 1988); Blockburger v. United States, 284 U.S. 299, 304 (1932). While § 952(a) criminalizes the importation of various illegal substances, including heroin, regardless of the mode of transport or entry on the manifest, § 955 makes it a crime to import drugs, both legal and illegal, on an aircraft if they are not properly entered on an aircraft's manifest. For this reason, and for the more detailed reasons enumerated in FranchiForlando, we find that there was no double jeopardy violation.
 
 III.
 
 9
 We accordingly affirm the convictions. Because our review of the record and other materials before us reveals that argument would not significantly aid the decisional process, we dispense with oral argument.
 
 
 10
 AFFIRMED n! EOF!